**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

HENAR I. PLAZA-TORRES　　　　*
　　　　　　　　　　　　　　　　*
　　　Plaintiff　　　　　　　　　*
　　　　　　　　　　　　　　　　*
v.　　　　　　　　　　　　　　　*　　Civil No. 02-1216(SEC)
　　　　　　　　　　　　　　　　*
CESAR REY, et al.　　　　　　　*
　　　　　　　　　　　　　　　　*
　　　Defendants　　　　　　　　*
***********************************

**AMENDED ORDER**

　　　Before the Court is Defendants' motion requesting that the Court issue a certification of appeal under 28 U.S.C. § 1292(b) from its Opinion and Order issued on July 5, 2005 (Docket # 125). Plaintiff has opposed said request (Docket # 126). However, upon due consideration, Defendants' motion will be **GRANTED.**

　　　On July 5, 2005 the Court entered an Opinion and Order denying Defendants' request for summary judgment and holding that a public school teacher may bring a cause of action under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e et seq. ("Title VII") against her employer, the school district, for sexual harassment suffered on account of one of her students (Docket # 111). The Opinion decided that: (1) student-on-teacher sexual harassment is actionable under Title VII and (2) a school district may be liable for student-on-teacher sexual harassment (Docket # 111). However, the Court did not adjudicate the merits of Plaintiff's claim for sexual harassment. Defendants have requested permission to appeal since they contend that student on teacher sexual harassment is not actionable and, in the alternative, said cause of action would have had to be brought under Title IX, 20 U.S.C. §§ 1681 et seq. ("Title IX") and not under Title VII.

　　　The District Court may, in the exercise of its discretion, choose to certify certain non-final orders as eligible for immediate appellate review. When a district judge opines that an otherwise unappealable order involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of the litigation, the judge may state this in

**Civil No. 02-1216(SEC)** 2
_____

writing. The Court of Appeals may then, in its discretion, permit an appeal to be taken from such an order. 28 U.S.C. § 1292 (b) and Fed. R. App. P.5(a)(3).

The Court finds that the aforementioned criteria are met in the instant case. The Court of Appeals has yet to decide whether student-on-teacher sexual harassment is actionable and, in turn, whether it is actionable under Title VII or Title IX. Furthermore, should the Court of Appeals find that student-on-teacher sexual harassment is not actionable and/or that Title XI preempts a cause of action under Title VII, this case would effectively conclude in Defendants' favor. This Court finds that the determinations made in its Opinion and Order are controlling questions of law and essential prerequisites to the litigation of the substantive issues in this case. Therefore, an immediate appeal of **these two (2) matters** (i.e. the existence of cause of action for student on teacher sexual harassment and its viability under Title VII) is necessary for the efficient resolution of this case. As such, the Court respectfully requests that the Court of Appeals hear the appeal of its Opinion and Order. Accordingly, the Court hereby **GRANTS** Defendants' motion and **CERTIFIES** the appeal of this Court's Opinion and Order of July 5, 2005.

    **SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of August, 2005.

                              S/ *Salvador E. Casellas*
                              SALVADOR E. CASELLAS
                              U.S. Senior District Judge