UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HENAR I. PLAZA-TORRES
    Plaintiff
        v.

Civil No. 02-1216(SEC)

CESAR REY, et al.
    Defendants

**O R D E R**

| MOTION | RULING |
|---|---|
| **Docket # 124 Notification of Judicial Notice at Trial** | **NOTED and DENIED.** Plaintiff proposes that the Court take judicial notice of certain facts deemed undisputed by the Court in its Opinion and Order of July 5, 2005 (Docket # 124). Co-defendant García-Figueroa has filed an opposition (Docket # 131) and Co-defendant Department of Education has sought joinder (Docket # 132). <br><br>    The facts set forth in Plaintiff's motion were considered undisputed solely for the purposes of the adjudication of summary judgment, which, as Defendants correctly argue, by the very nature of the standard of review, are viewed by the Court in the light most favorable to the non-moving party. The fact that the Court listed the facts which appeared to be undisputed at the time, does not mean that Defendants are barred from presenting evidence to the contrary or that the jury will choose to believe or credit the same. It follows that the facts set forth by Plaintiff in Docket # 124 are not an appropriate matter for judicial notice and do not meet the standard set forth in Rule 201(b) of the Federal Rules of Evidence. As such, Plaintiff's request that the Court take judicial notice of these facts is **DENIED**. |
| **Docket # 155 Plaintiff's Motion in Limine and Motion to Strike Defendants' Expert Witnesses** | **DENIED.** Plaintiff seeks that the Court exclude the testimony of Defendants' experts, Haydee Costas and Amanda Capó-Roselló (Docket # 155). Defendants have filed an opposition (Docket # 176), Plaintiff replied (Docket # 211) and Defendants sur-replied (Docket # 215). Plaintiff alleges that the testimony of the foregoing experts should be excluded since Defendants failed to timely provide certain information pertaining to the compensation paid to one of the experts and to the other expert's publications and list of cases in which she has testified in the past. <br><br>    The Court notes that at all times since 2004 Plaintiff has had in her possession the name, curriculum vitae and full reports (opinions and the basis for those opinions) of the two experts in this case. At no point during this time did Plaintiff seek the Court's intervention to obtain the information referred to above. Furthermore, the information now requested appears to be marginal. Lastly, Defendants have now supplemented their disclosures and provided Plaintiff with the missing information. Plaintiff fails to proffer how she is prejudiced by the untimeliness of this information. As such, Plaintiff's motion is **DENIED**. |

2

| MOTION | RULING |
|---|---|
| **Docket # 156 Plaintiff's Second Motion in Limine** | **DENIED**. Plaintiff requests that the Court exclude the testimony of the Department of Education representative and Ms. María Machado (Docket # 156). The Court notes that at least by March 8, 2004, prior to the conclusion of discovery, Plaintiff was informed that Ms. Machado and a Department of Education representative would be called to testify on Defendants' behalf. See Docket # 215, Ex. 3. Plaintiff was also put on notice as to the content of the testimony of these witnesses. As such, Plaintiff could have called these witnesses for a deposition but failed to do so. Accordingly, Plaintiff's second motion in limine is **DENIED**. |
| **Docket # 161 Disclosures Pursuant to Rule 26(a)(3)** **Docket # 174 Objection to Disclosures Pursuant to Rule 26(a)(3) and Defendant Department of Education Disclosures** | **NOTED**. The objections presented by both parties will be addressed in the corresponding motions in limine. |
| **Docket # 177 Plaintiff's Third Motion in Limine** | **MOOT**. See Ruling in Docket # 182 below. |

| MOTION | RULING |
|---|---|
| **Docket # 178 Defendants' Motion in Limine to Preclude Cumulative Evidence** | **GRANTED in part**. Defendants have filed a motion to exclude as cumulative the testimony of ten (10) factual witnesses, all former students of the Petra Román Vigo School (Docket # 178). Plaintiff filed an opposition (Docket # 187) and Defendants replied (Docket # 217). Defendants contend that because Plaintiff's proffer as to each of this 10 witnesses is the same their testimony would be cumulative. We agree.<br><br>Plaintiff has stated that each of these witnesses will testify as to exactly the same thing: "facts that will establish plaintiff's case against defendants due to the sexual harassment performed by the student Johnny Maldonado and other matters." See Docket # 161 at pp. 2-5. In her opposition, Plaintiff again fails to specify how the testimony of these witnesses would not be cumulative. Plaintiff merely states that because she did not have the addresses of these witnesses until recently, their testimony is justified. This argument does nothing to take care of the Court's concern pertaining to the necessity of an effective judicial process and the need to avoid cumulative evidence. As such, Defendants' motion is **GRANTED in part**. Plaintiff is instructed to select **up to four (4)** of these ten (10) witnesses to testify at trial. Furthermore, Plaintiff is forewarned that the Court will revisit this issue during trial should it become evident that the testimony of any of these witnesses continues to be cumulative. |
| **Docket # 179 Defendants' Motion to Exclude Nelson Torres as Expert** | **GRANTED**. Evidence of Plaintiff's qualifications as a teacher is completely irrelevant to establish sexual harassment/ hostile work environment under Title VII. As such, the testimony of an expert in human resources to the effect that "plaintiff was qualified at the job" is irrelevant and inadmissible under the Rule 401 of the Federal Rules of Evidence since it does not "make the existence of any fact that is **of consequence to the determination of the action** more probable or less probable." (emphasis added). Consequently, Mr. Nelson Torres is excluded as a witness. |
| **Docket # 180 Defendants' Motion to Exclude Irrelevant Witnesses and Documents** | **GRANTED**. Defendants request that the Court exclude from evidence: (i) the testimony of certain record custodians, namely Records Custodians of Norhan College, Metropolitan University and College Board; (ii) records (college transcripts) pertaining to Plaintiff's qualifications as a teacher; and (iii) Plaintiff's curriculum vitae. Defendants contend that said evidence is irrelevant to prove a Title VII sexual harassment claim. We agree for the reasons stated above. See Ruling in Docket # 179. Accordingly, the testimony of Records Custodians of Norham College, Metropolitan University and College Board, as well as Plaintiff's college transcripts and curriculum vitae are excluded as irrelevant. |

| MOTION | RULING |
|---|---|
| **Docket # 182 Plaintiff's Fourth Motion in Limine and Motion to Strike** | **GRANTED in part and DENIED in part**. First, Plaintiff argues that certain documents should be excluded from evidence for Defendants' alleged failure to disclose them during discovery. Since Defendants have certified that the documents at issue were indeed disclosed **during discovery**, Plaintiff's request to this end is **DENIED**.<br>    Next, Plaintiff argues that Defendants should be barred from presenting in evidence Dr. Costa's and Ms. Capo's expert reports as inadmissible hearsay. Because Defendants concede to this point, we will not address it and will simply **hold that both parties are barred from presenting as documentary evidence their respective expert reports**. On this point, Plaintiff's motion is **GRANTED**.<br>    Plaintiff then requests that the Court exclude certain documentary evidence as inadmissible hearsay, namely the Certification by Mr. Enrique Becerra and the Investigative Report by Wanda Suarez from the Office of Investigation of Administrative Complaints and pertaining to the investigation conducted into Plaintiff's allegations of sexual harassment. However, both of these documents fall under the public records exception of the hearsay rule in Rule 803(8) of the Federal Rules of Evidence, both are records, reports, statements, or data compilations of public offices, made by a person with authority or duty under law and the reports are related to the matters properly before the respective public offices. Furthermore, Plaintiff has not asserted nor provided any evidence that the information contained therein lacks trustworthiness. As such, the exclusion of the foregoing documentary evidence on the grounds set forth by Plaintiff is unwarranted. Plaintiff's request on this behalf is **DENIED**.<br>    Plaintiff also argues that her personnel file, minutes of meeting with the school principal and students' and parents' letters which are part of the school social worker records should be excluded as inadmissible hearsay. However, these requests must be **DENIED** inasmuch as Plaintiff's personnel file, minutes and letters in school records all fall under the business record exception of the hearsay rule and are thus admissible pending authentication by the appropriate witnesses. See Rule 803(6) of the Federal Rules of Evidence. Defendants are forewarned, however, that the admissibility of these documents, as of all evidence to be presented at trial, is subject to it being relevant. Per all the foregoing, Plaintiff's fourth motion in limine is **GRANTED in part and DENIED in part**. |
| **Docket # 183 Defendants' Motion to Exclude Jack Hirsbrunner as Expert** | **DENIED**. The Court takes note of Defendants' arguments for exclusion. However, at this juncture, the Court will allow Mr. Hirsbrunner's testimony. Defendants will have an opportunity to address the gaps in Mr. Hirsbrunner's explanation of his expert opinion and methodology during cross examination. |

5

| MOTION | RULING |
|---|---|
| **Docket # 184 Plaintiff's Fifth Motion in Limine and Motion to Strike** | **GRANTED in part**. Plaintiff moves that the Court exclude the testimony of the teachers of the Petra Vigo School that have been announced by Defendants and whose testimony would be cumulative. Defendants counter that these teachers will provide a different angle to the facts and are thus necessary for their defense. Inasmuch as Defendants have not provided the Court with any specific differences or particularities between the testimonies at issue, the Court will limit the presentation of Defendants to a maximum of **four (4)** teachers (in addition to the testimony of Ms. Flores, Social Worker) of their choosing to testify at trial. The logic is the same as that applied to Plaintiff's witnesses in the above ruling of Docket # 178: the presentation of so many witnesses is both cumulative and unnecessary. Furthermore, Defendants are forewarned that the Court will revisit this issue during trial should it become evident that the testimony of any of these witnesses continues to be cumulative. Accordingly, Plaintiff's motion is **GRANTED in part**. |
| **Docket # 193 Defendants' Motion to Strike Disclosures made under Fed. R. Civ. P. 26(a)(3)** | **DENIED**. |

6

| MOTION | RULING |
|---|---|
| **Docket # 203 Defendants' Motion to Exclude Recorded Recollection** | **GRANTED**. Defendants have filed a motion seeking that the Court exclude from evidence a thirty-three (33) page document drafted by Plaintiff in which Plaintiff narrates the chain of events that led to the instant civil action. Defendants argue that this document contains inadmissible hearsay and, alternatively, is not authentic. In turn, Plaintiff counters that the document at issue is not hearsay inasmuch it is being introduced to prove Plaintiff's state of mind and not to prove the fact of the contents therein. Plaintiff also argues that the document is authentic.<br><br>Rule 803(3) of the Federal Rules of Evidence provides that "a statement of the declarant's then existing state of mind" is not hearsay as long as it is not intended to prove "the fact remembered or believed". Naturally, the crux of this exception to hearsay, as Defendants correctly argue, is that the statement at issue be made contemporaneous with the event sought to be proven and that as such, the declarant had no time to reflect or fabricate his/her thoughts.<br><br>In the instant case, the 33-page document Plaintiff pretends to introduce in evidence is not the original document but a transcription of her notes which she made, by her own admission, at some unspecified time after the alleged events of sexual harassment. More so, Plaintiff testified that the original was lost or misplaced. The only assurance that we have that the transcription to be introduced into evidence is identical (and not edited in any way) to the original notes Plaintiff took contemporaneously with the events that gave rise to this claim is Plaintiff's self-serving statement to that effect. Since Plaintiff cannot convincingly establish that the statements to be offered into evidence reflect her state of mind **at the time of the events**, she has not met her burden of establishing that the document falls within the applicable hearsay exception.<br><br>Lastly, the Court notes that Plaintiff would not be seriously prejudiced by this exclusion. After all, Plaintiff will take the stand and be able to testify as to her state of mind during the alleged events live. Per the foregoing, Defendants' motion is **GRANTED** and Plaintiff's 33-page document will be excluded as inadmissible hearsay. |
| **Docket # 223 Motion to Join Co-defendant's Department of Education Position Regarding in Limine Motions and Disclosures** | **GRANTED**. |

| MOTION | RULING |
|---|---|
| **Docket # 222 Defendants' Motion to Amend and/or Supplement Its Portion of the Pretrial Memorandum** | **NOTED and GRANTED**. The Court notes that in the Joint Pretrial Memorandum (Docket # 127) Defendants failed to raise any objections to Plaintiff's documentary evidence or witnesses for trial. However, Defendants did reserve the right to supplement their portion of the pretrial memorandum, reserved the right to file motions in limine, and filed the motions in limine within the deadline set forth by the Court. Furthermore, Defendants announced all their witnesses and documentary evidence during the discovery period. Plaintiff has not specified the prejudice suffered by her due to Defendants' failure to state their objections in the Joint Pretrial Memorandum, as opposed to filing their evidentiary objections via motions in limine, as allowed by the Court. See Docket # 166. Furthermore, the information contained in the amended portion of the pretrial memorandum is substantially identical to the information included by Defendants in Docket # 127. Therefore, since Local Rule 16(d) grants the Court ample discretion on these matters and the trial process would be more effective by the streamlining of evidentiary issues prior to trial, we reject Plaintiff's invitation to deem Defendants' objections waived. |
| **Docket # 238 Second Motion Join Co-defendant's Department of Education Position Regarding in Limine Motions and Amended Pre Trial** | **GRANTED**. |
| **Docket # 228 Plaintiff's Sixth Motion in Limine** | **MOOT**. See Rulings in Dockets ## 155-156 & 182 above. |
| **Docket # 230 Plaintiff's Seventh Motion in Limine and/or Strike** | **DENIED**. Plaintiff has been aware of Defendants intentions to use its identifications 14 and 15 since August 6, 2004. See Docket # 237, Ex. 1. Furthermore, these documents bear Plaintiff's signature. Plaintiff cannot now claim that she has been surprised or endured prejudice due to the alleged untimeliness of these disclosures. Consequently, Plaintiff's motion is **DENIED**. |

| MOTION | RULING |
|---|---|
| **Docket # 242 Motion Requesting Clarification** | **MOOT**. See Rulings in Dockets ## 223 & 238 above. |
| **Docket # 243 Defendants' Notice of Intent to Seek the Taking of Judicial Notice** | **DENIED WITHOUT PREJUDICE**. The Court notes that Defendants request that the Court take judicial notice of non-adjudicative facts. Notwithstanding, per First Circuit precedent, non-adjudicative facts do not fall under the realm of Rule 201 of the Federal Rules of Evidence. See Getty Petroleum Marketing, Inc. v. Capital Terminal Co., 391 F.3d 312, 321-330 (1st Cir. 2004). As such, the Court need not take judicial notice of the same. However, given that these regulations could be considered under the category of "judicial notice of law," Defendants may seek the taking of judicial notice of these regulations at trial. In making this new request, however, Defendants should be prepared to submit certified copies of the regulations at issue in order for the Court to ascertain their authenticity and accuracy. Furthermore, Defendants will be required to posit the relevance of these regulations to their defense in a Title VII sexual harassment/hostile work environment claim. |
| **Docket # 244 Motion Submitting Documents** | **NOTED**. |
| **Docket # 248 Motion Requesting Leave to Supplement the Joint Pretrial Order Objections and Eighth Motion in Limine** | **STRICKEN**. The Court set February 24, 2006 as the deadline for filing pretrial motions and motions in limine. See Docket # 166. The Court has been extremely lenient with both parties and considered motions filed after said date due to the fact that the trial was later postponed until April 24, 2006. However, given that trial is now scheduled to begin in less than a week, the Court will not consider any new motions. The Court's order in Docket # 240 was clear that it would only consider **opposition, reply and sur-reply** briefs filed on or before April 17. Accordingly, the Clerk of the Court is instructed to **STRIKE** from the record Plaintiff's motion in limine in Docket # 248. |

9

| MOTION | RULING |
|---|---|
| **Docket # 249 Defendants' Motion Requesting Order for Plaintiff to Inform Order of Witnesses** | **GRANTED**. Plaintiff is **ORDERED** to provide Defendants the list of witnesses, excluding the witnesses excluded by the rulings incorporated herein, and in the order in which these witnesses are expected to testify by April 24, 2006, prior to the commencement of trial. |
| **Docket # 250 Defendants' Motion Seeking Daubert Hearing prior to the Admission of the Testimony of Plaintiff's Experts** | **MOOT and HELD IN ABEYANCE**. Given that the Court has excluded the testimony of Mr. Nelson Torres as irrelevant (see ruling in Docket # 179), Defendants' request to this end is now **MOOT**. Defendants' request as to Mr. Hirsbrunner, however, is **HELD IN ABEYANCE** until trial. Defendants may reinstate their request once Plaintiff has called Mr. Hirsburnner to take the stand. |
| **Docket # 251 Defendants' Motion to Interrupt Plaintiff's Case in Chief** | **HELD IN ABEYANCE**. Considering that the Court has already ordered Plaintiff to reduce its number of witnesses, Defendants' instant request may be unnecessary. Accordingly, this request is **HELD IN ABEYANCE** for now and Defendants' may reinstate their petition should the need arise. |
| **Docket # 252 Defendants' Notice of Intent to Seek The Admission of Self-Authenticating Documents** | **NOTED**. However, Defendants will be required to posit the relevance of these documents to their defense in a Title VII sexual harassment/hostile work environment claim prior to introducing them into evidence. |

DATE:  April 21, 2006

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge